FILED

May 10 2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0699

DA 15-0699

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 106N

IN RE THE MARRIAGE OF:

DANIELLE LEONE MCLAIN,

Petitioner and Appellant,

and

RYAN MACIVOR MCLAIN,

Respondent and Appellee.

APPEAL FROM:     District Court of the Sixth Judicial District,
In and For the County of Park, Cause No. DR-2009-36
Honorable Brenda Gilbert, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Danielle L. McLain, Self-Represented, Livingston, Montana

For Appellee:

Christopher J. Gillette, Law Office of Christopher J. Gillette, P.C.,
Bozeman, Montana

Submitted on Briefs:  April 20, 2016

Decided:  May 10, 2016

Filed:

_____
Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Danielle McLain (Danielle) appeals an order of the Sixth Judicial District Court, Park County. The issue before this Court is whether the District Court correctly ordered the family to participate in the Family Bridges Program and granted temporary sole custody to the father, Ryan McLain (Ryan). We affirm.

¶3 Danielle and Ryan dissolved their marriage in 2009. Several years later, parenting issues arose causing the District Court to order counseling for the children and to appoint Gary Kane as a parenting evaluator. After Kane completed his evaluation, Ryan moved the District Court to adopt a parenting plan consistent with the evaluation's findings. On March 13, 2014, the District Court entered an Amended Final Parenting Plan adopting Kane's recommendations.

¶4 Further parenting issues followed the adoption of the Parenting Plan. The District Court therefore ordered a Follow-Up Parenting Evaluation and Parental Alienation Evaluation. The Court appointed Kathleen Rock to conduct the evaluation and Kane to conduct a follow-up evaluation. On October 12, 2015, Rock filed her Parental Alienation Assessment (Assessment), which concluded one of the children is severely alienated and

2

the other is moderately alienated and will likely become more so with time. Rock's Assessment recommended an intensive reunification program for the children.

¶5 On November 3, 2015, the District Court held a hearing to determine whether to implement Rock's recommendation. On November 4, 2015, the District Court issued its Order Adopting Recommendations of Parental Alienation Evaluator (Order). The Order noted that both Rock and Kane testified at the hearing, and that both supported Rock's recommended treatment for the children. The children's counselor, Hettie Wortelboer, also testified, but her testimony is unknown; however, Rock's Assessment stated Wortelboer did not believe alienation existed. The District Court ordered, in pertinent part: (1) Ryan to have temporary sole custody of the children until further order from the Court; (2) Ryan to enroll the children in the Family Bridges reunification program, if he deems it necessary; (3) Danielle to participate in the Family Bridges aftercare program; (4) the children to "have no contact with Danielle or any of Danielle's relatives, friends or associates whose influence is likely to interfere with the children's progress in effectively repairing their damaged relationship with Ryan, except as directed by Family Bridges, or the aftercare professional;" and (5) that a hearing be set in the matter for February 22, 2016, "to hear testimony regarding the parties' and children's participation in the Family Bridges Program, Danielle's work and compliance with the aftercare program, and what parenting schedule will serve the best interests of the minor children going forward."

¶6     On November 12, 2015, Danielle filed her Notice of Appeal.  It appears the February 22, 2016 hearing did not take place.  It is unknown whether Danielle has had contact with the children since the November 4, 2015 order was entered.

¶7     We review a district court's findings of fact to determine whether they are clearly erroneous.  *In re M.P.M.*, 1999 MT 78, ¶ 12, 294 Mont. 87, 976 P.2d 988.  Findings of fact are clearly erroneous if they are not supported by substantial evidence.  *In re S.M.*, 1999 MT 36, ¶ 15, 293 Mont. 294, 975 P.2d 334.  "When findings upon which a decision is predicated are not clearly erroneous, we will reverse a district court's decision regarding modification of custody only where an abuse of discretion is clearly demonstrated."  *In re Marriage of Oehlke*, 2002 MT 79, ¶ 9, 309 Mont. 254, 46 P.3d 49.

¶8     We review a district court's conclusions of law to determine whether its conclusions are correct.  *M.P.M.*, ¶ 12.  A parent's right to the care and custody of a child is a fundamental liberty interest that must be protected by fundamentally fair procedures.  *In re D.B.*, 2007 MT 246, ¶ 17, 339 Mont. 240, 168 P.3d 691.  However, a child's best interests take precedence over parental rights.  *In re Matter of E.K.*, 2001 MT 279, ¶ 33, 307 Mont. 328, 37 P.3d 690.  We apply an abuse of discretion standard to best interest determinations.  *In re M.A.L.*, 2006 MT 299, ¶¶ 17-18, 334 Mont. 436, 148 P.3d 606.  A district court abuses its discretion if it "acts arbitrarily, without employment of conscientious judgment, or exceeds the bounds of reason resulting in substantial injustice."  *In re J.M.*, 2009 MT 332, ¶ 12, 353 Mont. 64, 218 P.3d 1213.

¶9     Danielle contends that the District Court committed reversible error because it did not properly weigh the evidence she presented.  Among Danielle's many concerns is the

allegation that the District Court favored Rock's recommendation over the opinion of Wortelboer, who spent a great deal more time with the children. Danielle further argues that the procedure leading to this appeal is flawed. The District Court allegedly told Danielle to bring the children to the court on November 4, 2015 for an in-chambers interview. Instead of holding an interview, the District Court issued its decision that day and ordered the children to immediately be taken to an intensive reunification program while also temporarily stripping Danielle of any custody or control.

¶10 Ryan argues that Danielle failed to provide this Court with the transcript from the November 3, 2015 hearing. He contends that without knowing what the District Court used to make its determination, this Court cannot review the Order.

¶11 "The appellant . . . [has] the duty to present the supreme court with a record sufficient to enable it to rule upon the issues raised." M. R. App. P. 8(2). Danielle has not provided this Court with the transcript of the hearing from which she now takes issue on appeal. The District Court made its Findings of Fact "[b]ased upon the testimony adduced at the [November 3, 2015] hearing." The record for our review lacks the pertinent hearing's transcript. Without the transcript, we cannot determine whether the District Court's Findings of Fact are based on substantial evidence. Without that determination, we cannot conclude whether the Findings of Fact are clearly erroneous.

¶12 Danielle appeals the District Court's determination that "[i]t is in the best interests of the children that Ryan be immediately awarded temporary sole legal and physical custody of the children and that he have sole authority to make all decisions regarding the children's welfare without consultation, pending further order of the Court." The District

5

Court made this determination based in large part on the testimony given at the November 3, 2015 hearing. We review a court's best interest determination for abuse of discretion, which we cannot find here without reviewing the testimony the District Court used to make that determination.

¶13    Section 40-4-219, MCA, provides for modification of a parenting plan if the court finds that there has been a change in circumstances of the child or his custodian and that the modification is necessary to serve the best interests of the child. Here, the District Court's Order—in effect—temporarily modified the existing Amended Parenting Plan. The Order enumerated the requisite elements for modifying a parenting plan because a change in circumstances necessitated a modification for the children's best interests, as the Court stated:

> There have been a number of instances in which Danielle has failed to communicate as required, failed to appear for exchanges in a timely fashion or otherwise refused to cooperate in blatant violation of the specific terms of the parenting plan.
>
> .  .  .
>
> Ms. Rock concluded that [one of the children] is severely alienated and that [the other child] is moderately alienated and "will likely become more so with time."
>
> .  .  .
>
> It is in the best interests of the children that Ryan be immediately awarded temporary sole legal and physical custody of the children . . . pending further order of the Court.

¶14    The Order also provided that the custody modification was temporary, and would be reconsidered at a hearing after the children completed the Bridges Program and

6

Danielle completed an aftercare program. As stated above, without the November 3, 2015 hearing testimony, we cannot determine whether the District Court's decision to grant Ryan temporary custody constitutes reversible error. We affirm the District Court so that it may regain jurisdiction over this matter and proceed as it had originally intended as noted in its November 4, 2015 Order.

¶15 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. The District Court's findings of fact are not clearly erroneous, nor was its ruling an abuse of discretion. We affirm.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ MIKE McGRATH
/S/ PATRICIA COTTER
/S/ BETH BAKER
/S/ LAURIE McKINNON